OPINION OF THE COURT
Richard F. Kuhnen, J.
Plaintiff and defendant are brothers. The suit involves a request for judgment declaring that plaintiff is entitled to visit their 94-year-old mother who resides with defendant and to take her out one day a week for an afternoon and evening. Plaintiff bases his right to do so on an alleged oral agreement between the brothers, which defendant denies.
From the pleadings and affidavits it appears that the mother, a widow, resided after her husband’s death on March 20, 1960, in the house which she and her husband owned as tenants by the entirety and which was located near the home of her elder son, the plaintiff. In 1975 she moved in with him and in 1977 deeded her house to him on the promise, according to her, to take care of her for the rest of her life. She was 91 years of age at the time. Subsequently, during a period when plaintiff was hospitalized, she went to live with defendant who refuses to allow plaintiff access to her.
Defendant does not deny this but justifies his refusal on the ground the mother does not wish to see plaintiff until he returns to her certain items of personal property and deeds back the house to her. Defendant has presented an affidavit from the mother, who admittedly does not understand the English language well, and which is signed by a mark, in which she confirms that she does not wish to see plaintiff until her property is returned.
*721 Plaintiff denies that he has the specified items of personal property, except for a jewelry chest, and questions whether his mother really understood what she was signing.
Plaintiff has moved for a preliminary injunction to restrain defendant from denying him access to his mother. Defendant has cross-moved to dismiss the complaint for failure to state a cause of action.
The cross motion should be granted. We know of no common-law or statutory right of visitation of a parent by a child. Plaintiff’s complaint bases his right, as far as defendant is concerned, upon an alleged oral agreement between the brothers “that they would steadfastly respect each other’s rights to visit her and to occasionally take their mother with them”. In the same complaint, however, plaintiff concedes that they were never able to reach a written agreement “as to their respective rights and liabilities toward the care of their mother”.
Even if there were such a right of visitation, as between the brothers, it is a complete answer here to plaintiff that the mother does not wish to see him, if that is in fact the case. If the plaintiff doubts the truth of her purported affidavit, and feels that defendant is unlawfully restraining her and preventing access of her son to her in spite of her wishes, the proper remedy for plaintiff is a habeas corpus to enable him to confront her in person and to learn her true wishes. (CPLR art 70; 22 Carmody-Wait 2d, NY Prac, ch 139.)
Plaintiff’s motion is therefore denied and defendant’s cross motion to dismiss the complaint granted.